IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

JARED L. SPENCER,
                Petitioner

    -vs-                                  Case No. 21-CV-326

MARIA SILAO-JOHNSON,
                Respondent

---

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS
BY PERSON IN STATE CUSTODY**

---

Jared L. Spencer, through the undersigned attorney, hereby petitions the United States District Court for the Eastern District of Wisconsin for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In support of this petition, Spencer alleges the following:

*Introduction*

1. Spencer was charged and convicted of attempted first-degree intentional homicide, in violation of Wis. Stat. sec. 940.01(1)(a), for a shooting incident occurring on July 15, 2015, in the city of Beaver Dam, Wisconsin. The shooting occurred after Spencer had been involved in theft from a Fleet Farm store, and was followed into the parking lot by a loss prevention specialist and a store manager. When store employees and an off-duty police officer confronted Spencer, who was attempting to drive away, Spencer fired a single shot from a .38 revolver, striking the manager in the wrist and shoulder. Spencer was 17 years old at the time.

2. The issues raised in this Petition, as in the prior state appellate proceedings, include a violation of Spencer's constitutional due process rights to be sentenced upon accurate information, because the court erroneously concluded that Spencer had refused to take his medications while incarcerated and therefore could not be trusted to take them if he were allowed to remain in the community under supervision. The court's reliance upon this inaccurate

1

information was one of the primary reasons affecting the length of sentence, and why the court rejected the idea of community supervision, partially premised upon the belief that Spencer would not take his medications unless forced by a prison facility. Post-conviction, Spencer presented substantial documentation showing that Spencer repeatedly requested his medications, that the Dodge County Jail consistently failed to give Spencer his medications as prescribed by the doctor, and whenever Spencer asked the jail to follow the prescription, the jail staff marked him as "refusing." Accordingly, the sentencing court's reliance upon inaccurate information violated Spencer's due process rights.

### *Jurisdiction*

4. The petitioner, Jared L. Spencer, is an inmate at the Winnebago Correctional Center, 4300 Sherman Road, Winnebago, Winnebago County, Wisconsin, 54985.

5. The respondent, Maria Silao-Johnson, is the Warden of the Winnebago Correctional Center, 4300 Sherman Road, Winnebago, Winnebago County, Wisconsin, 54985.

6. Spencer is confined pursuant to a judgment of conviction entered in the Circuit Court for Dodge County, Wisconsin, on July 26, 2017. Spencer entered a no contest plea to the charge of attempted first-degree intentional homicide, in violation of sec. 940.01(1)(a), and circuit judge Joseph Sciascia sentenced Spencer to 35 years imprisonment, bifurcated by 15 years initial confinement and 20 years extended supervision.

7. Spencer was initially represented by attorney Charles Giesen of Giesen Law Offices, S.C., Madison, Wisconsin. Following sentencing, the Wisconsin State Public Defender appointed attorney Steven Zaleski of Zaleski Law Firm, from Madison, Wisconsin, to represent him on post-conviction proceedings. Spencer subsequently retained Cole Daniel Ruby and Jeremiah Meyer-O'Day of Martinez & Ruby LLP, from Baraboo, Wisconsin, to represent him on post-conviction and appellate proceedings.

8. Pursuant to Wis. Stat. (Rule) § 809.30(2)(h), Spencer filed a postconviction motion with the Dodge County Circuit Court on October 5, 2018, including the same issues that are raised in this petition, as well as a sentence modification request based on the same facts, but

not raised here because it involves matters of state law. The court issued a written order denying the motion without a hearing on December 27, 2018.

9. On Spencer's behalf, undersigned counsel requested clarification by letter dated January 11, 2019, as the court's December 27, 2018 order dealt solely with Spencer's motion for sentence modification, ignoring his motion for resentencing. In response, on January 18, 2019, the court entered a second written order denying Spencer's motion for resentencing, also without a hearing.

10. Pursuant to Wis. Stat. (Rule) § 809.30(2)(j), Spencer appealed from the judgment of conviction and from the orders denying his postconviction motion, which again included the same issues raised in this petition. On February 6, 2020, the Wisconsin Court of Appeals, District IV, affirmed the judgment and order in an unpublished decision. *State v. Jared L. Spencer*, No. 2019AP308–CR (Wis. Ct. App. February 6, 2020) (unpublished).

11. Pursuant to Wis. Stat. (Rule) § 809.62, Spencer filed a petition for review with the Wisconsin Supreme Court on March 9, 2020. Spencer raised in that petition the same issues that he had raised in his direct appeal, including the issue raised in this petition. The Wisconsin Supreme Court issued an order denying the petition without costs on July 15, 2020. Spencer has not filed any other petitions, applications, or motions with respect to this judgment in any state or federal court.

*Factual Background*

1. At the age of 5, Spencer started attending therapy at Northstar Counseling and was diagnosed with anxiety and depression. While growing up, Spencer struggled with irritability, poor impulse control, and other behavioral problems. Spencer continued receiving psychological treatment, resulting in diagnoses for other conditions including oppositional defiant disorder and ADHD. In an attempt to manage Spencer's symptoms and behavioral difficulties, doctors prescribed Spencer numerous prescription medications over the years. However, Spencer was inconsistent with his use of the medications, and also began abusing alcohol and other drugs.

2. Following the 2015 shooting incident, Spencer was held in Dodge County Jail on a cash bail. Spencer had multiple confrontations with jail staff during that time, including a September 2015 incident where he flooded his cell. During this first period of confinement at Dodge County Jail, Spencer had been prescribed four medications, including Fluoxetine and Lithium. On October 12, 2015, the defense filed an amended bond motion indicating Spencer had "ongoing difficulties with him receiving the appropriate medications" at the jail.

3. On December 16, 2015, Dr. Craig Schoenecker submitted an evaluation report diagnosing Spencer with "unspecified depressive disorder and unspecified psychotic disorder," and finding him not competent to proceed. Spencer was transferred to Mendota Mental Health Institute on April 6, 2016. The psychiatrist who examined Spencer upon his April 2016 transfer to Mendota reported that Spencer "had often refused medication at the jail," and indicated that Spencer was "incapable of applying understanding of the advantages, disadvantages, or alternatives of treatment to his mental illness in order to make an informed choice as to whether accept or refuse treatment."

4. Another competency evaluation was completed July 15, 2016, indicating Spencer had been restored to competency and could assist with his defense. Spencer was subsequently transported from Mendota back to Dodge County Jail. On April 18, 2017, Spencer entered a plea to attempted 1st degree intentional homicide. In exchange for Spencer's plea, the State agreed to dismiss and read in all other charges, including multiple counts of first-degree reckless injury and pointing a firearm at another.

5. The presentence investigation report claimed that Spencer "refused" his medications on a couple of occasions, but noted that Spencer explained he didn't actually refuse the medication, and instead he refused to take the medication *earlier than prescribed*. When Spencer asked the nurse to bring him his medication later at the normal time, she marked him as refusing, and did not return with the medication. The PSI writer further noted that Spencer "is well aware that he needs to take his medication, is willing to do so, and knows what can happen if he does not."

6. At sentencing on July 21, 2017, the prosecutor accused Spencer of faking his mental illness, stating that he's gotten good at it by being in facilities with people who are "truly mentally ill." In support of his recommendation for 15 years confinement, the prosecutor argued Spencer "does well in a confined setting," and it was the best place to monitor his medications. In response, defense counsel argued that Spencer's behavioral difficulties at the jail were because "he wasn't getting proper medications" as ordered by the court, and pointed out how much Spencer's behavior improved after being transferred to Mendota Mental Health for treatment.

7. The sentencing court agreed that Spencer's behavior improved markedly at Mendota, and remarked it was "imperative" that he continue to receive mental health treatment. In reviewing Spencer's conduct and behavior, the court made numerous statements indicating Spencer refused his medications while in jail, which the court linked directly to his perceived dangerousness and protection of the public. For example, the court stated, "Jared Spencer doesn't want to take his meds. Never did. The question is will he ever. Now we are in a situation where I have to weigh his ability to stick with the meds against the public's safety."

8. When pronouncing sentence, the court identified Spencer's "long history of mental health issues" and his perceived refusal to take his medications as a primary issue affecting the length of sentence. The court rejected the idea of community supervision based on the need to protect the public, again partially premised upon the belief that Spencer would not take his medications unless forced by a prison facility ("There is no reason at this time to believe that any level of supervision will ensure the safety of the public. Mr. Spencer cannot be trusted to take his meds as prescribed").

9. The court linked the need to protect the public directly to whether Spencer would take his medications, saying that "the bad Jared Spencer isn't taking his meds. And when he's in his mode that he does what he wants to do he is a danger to himself and others." At the conclusion of the sentencing hearing, the court ordered Spencer serve a 35-year prison sentence, bifurcated by 15 years initial confinement and 20 years extended supervision.

### *Ground For Relief—Violation of Due Process Right To Be Sentenced On Accurate Information*

10. <u>Summary of Argument:</u> Spencer was deprived of his due process rights to be sentenced based on accurate information, because the circuit court relied upon the inaccurate and erroneous belief that Spencer refused to take his prescription medications while confined in jail, and that this demonstrated he was dangerous and in need of confinement, when in fact Spencer repeatedly and consistently asked jail staff to provide his medications *as directed by his doctor,* and the staff interpreted his actions as a refusal.

11. <u>Inaccurate Information:</u> While confined at the Dodge County Jail, Spencer was prescribed anti-depressants and other medications that needed to be taken with food in order to absorb properly into his system, as well as an anti-psychotic medication that was supposed to be taken at night because it caused extreme drowsiness. Jail staff repeatedly brought Spencer his medications without food, or far too early in the evening, contrary to his doctor's orders. When Spencer asked jail staff to bring the medications back later, they would mark him as "refusing" his medications, and would not bring his medications later. The sentencing court also concluded that Spencer refused his medications while in confinement, which made him a danger.

12. <u>The Court Actually Relied Upon The Inaccurate Information:</u> The court explicitly referenced Spencer's alleged "refusal" to take his medications numerous times at sentencing, characterizing Spencer's mental health as the fact "most pertinent" to its sentencing decision, and labelling the perceived refusal to take medications a "big problem," saying that he is a "danger to himself and others" when not taking his medications. The court repeatedly linked Spencer's alleged failure to take medications to the need for incarceration in a confined setting.

13. Spencer intends to demonstrate that the Wisconsin Court of Appeals decision was contrary to, or was an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court in *United States v. Tucker,* 404 U.S. 443 (1972), and *Townsend v. Burke,* 334 U.S. 736 (1948).

*Relief Requested*

14. Spencer petitions this court to grant the requested writ of habeas corpus, vacating his state conviction and sentence, granting a new sentencing, and thereby freeing Spencer from his unconstitutional restraint.

Respectfully submitted: March 12, 2021

                                                **Martinez & Ruby, LLP**

*[signature]*

_____
Cole Daniel Ruby
State Bar No. 1064819
620 8th Avenue
Baraboo, WI 53913
(608) 355-2000
FAX (608) 355-2009
cole@martinezandruby.com

Attorney for Petitioner